UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CON-WAY INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>CONWAYRACING.COM, <br><br>　　　　Defendant. | No. 08-4263 SC <br><br> FINDING OF PROPER IN <br> <u>REM JURISDICTION</u> |

Plaintiff Con-Way Inc. ("Plaintiff") has initiated this in rem action for cybersquatting pursuant to 15 U.S.C. § 1125(d)(2)(A) against the domain name Conwayracing.com. Plaintiff's previous motion for a default was denied, <u>see</u> Docket No. 14, and Plaintiff has submitted a motion requesting that this Court find that it has proper in rem jurisdiction ("Motion"), Docket No. 17.

Pursuant to 15 U.S.C. § 1125(d)(2)(A), the owner of a mark may file an in rem action against a domain name in the district of the domain name registry. In order for the action to be proper, the domain name must violate a right of the mark owner, and the court must find that (1) it was not able to obtain in personam

1 jurisdiction over the registrant[1] of the domain name, or (2) the
2 mark owner was unable to find the registrant through due
3 diligence, the mark owner sent notice to the address that the
4 registrant provided to the registry, and the mark owner published
5 notice of the action as directed by the court.  Id.
6 § 1125(d)(2)(A)(ii).

7 Plaintiff alleges that the domain name violates Plaintiff's
8 rights to its registered marks.  See Compl., Docket No. 1, ¶¶ 8-
9 20.  The registry for the domain name is located in this district.
10 Compl. ¶ 4.  The registrant for the domain name, Domain Park
11 Limited ("Defendant"), is located in Berlin, Germany.  See Compl.
12 Ex. A.  Plaintiff has attempted to contact Defendant by mail, with
13 a notice of the alleged violation and its intent to proceed with
14 this action, as stated under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa)
15 and as permitted by the service of process provision,
16 § 1125(d)(2)(B).  See Compl. Ex. D.  Plaintiff also e-mailed this
17 notice to Defendant, and Defendant responded with an offer to
18 convey the domain name to Plaintiff after a fee was paid to
19 Defendant.  See Compl. Ex. E, F.  Defendant has not appeared in
20 this action.  Plaintiff contends that there is no evidence that
21 Defendant has any contacts with California.  Motion at 2.
22 \\\
23 \\\
24 \\\
25

26 [1] The language of the statute is "a person who would have been a defendant in a civil action under paragraph (1)," which in this
27 case is the registrant.  See 15 U.S.C. § 1125(d).

28

 1       The Court hereby finds that it is not able to obtain in
 2  personam jurisdiction over Defendant, and that it therefore has
 3  proper in rem jurisdiction over the domain name and this action
 4  under 15 U.S.C. § 1125(d)(2)(A).

 6       Dated: June 2, 2009

 7                                  
                                    UNITED STATES DISTRICT JUDGE

3